**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Svetlana Blake, et al.,** | ) | **CASE NO. 09 CV 1874** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NVR, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the Motion of Defendant NVR, Inc. to Dismiss Class Action Complaint (Doc. 3). This is a breach of contract action. For the reasons that follow, the motion is GRANTED. Plaintiffs have up to and including November 16, 2009, to file an amended complaint in order to avoid dismissal of this action.

**FACTS**

Plaintiffs, Svetlana Blake, Alexander Loshakov, Mark Friedman, and Sarah Merz, bring this class action against defendant NVR, Inc. d/b/a Ryan Homes. The following facts are presumed true.

1

Plaintiffs Blake and Loshakov are a married couple who purchased a combination lot and house located in Twinsburg.  The house was to be built by defendant pursuant to a set of plans known as the "Highgrove Plan."  Similarly, plaintiffs Friedman and Merz are a married couple.  Merz purchased a combination lot and house also located in Twinsburg.  The Merz house was to be built according to defendant's "Buckingham Plan."  Prior to constructing the homes, defendant was required to obtain a building permit from the City of Twinsburg.  According to plaintiffs, defendant never provided the City with a set of plans and specifications for the houses "as built."

Plaintiffs allege that the homes, as constructed, do not conform to the "plans" chosen by the plaintiffs.  Rather, defendant made numerous material changes, which caused plaintiffs' homes to be significantly different from the plans chosen by the plaintiffs, as well as the plans provided by defendant to the City in order to obtain the necessary permits.  None of these "material differences," are identified by plaintiffs.  Plaintiffs do allege, however, that the "material differences" are not the result of a defect in material or workmanship.  Nor were the changes made for purposes of "mechanical installations, building code and site requirements, and normal architectural design improvements."  Plaintiffs allege that defendant has a customary practice of making changes to the actual construction of the home without informing the buyer of the changes made.  Plaintiffs further allege that the construction contract requires defendant to make available a set of plans and specifications.  Plaintiffs were not provided notice of the right to cancel the construction contract.  According to the complaint, plaintiffs were damaged by defendant's acts in that they do "not having access to, and the ability to, review an "as built" set

of plans and specifications for their houses." Plaintiffs allege no other damages.[1]

The complaint contains three claims for relief.  Count one is a claim for violation of the Ohio Consumer Sales Practices Act.  Count two alleges breach of contract.  Count three is a claim for violation of the Ohio Home Solicitation Sales Act.

Defendant moves to dismiss the complaint.  Plaintiffs oppose the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007).  A pleading

---

[1]  Plaintiffs do argue that they are entitled to rescind the construction contract as a result of defendant's alleged violation of the Ohio Home Solicitation Sales Act.

that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6 th Cir.2009).

**ANALYSIS**

1. Ohio Consumer Sales Practices Act/Breach of Contract

Defendant argues that the complaint fails to state a claim for violation of the Ohio Consumer Sales Practices Act because plaintiffs fail to plead an unfair, deceptive or unconscionable act. With regard to breach of contract, defendant argues that plaintiffs fail to allege the existence of a breach. Specifically, defendant points out that the contract permits it to make changes to the plans and specifications. Defendant further argues that the complaint fails to identify a single change made in the construction of plaintiffs' homes. In addition, defendant argues that there is no provision in the contract requiring defendant to provide a copy of "as built" plans to plaintiffs. Defendant further claims that plaintiffs fail to allege the existence of actual damages with respect to both claims. In response, plaintiffs claim that the complaint sufficiently alleges breach of contract and violation of the Ohio Consumer Sales Practices Act. According to plaintiffs, the defendant "did not have the contractual right...to unilaterally and

4

deceptively make changes to the as-built construction of the homes at issue, without plaintiff's knowledge or consent." Further, plaintiff argues that "making material and unauthorized changes to the as-built construction of plaintiffs' homes, without plaintiffs' knowledge...is a deceptive act...." In their brief, plaintiffs claim that these "material changes" decreased the value of their homes.

Upon review, the Court finds that plaintiffs fail to state claim for which relief may be granted under the pleading standard enunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In order to satisfy notice pleading standards, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In this case, plaintiffs do not identify a single change they allege defendant made in the construction of their homes. In fact, in their brief in opposition to defendant's motion to dismiss, it is apparent that plaintiffs cannot identify any changes. For example, plaintiffs argue, "...if Defendant had even kept any record of the changes in construction and then reflected those changes in written plans, plaintiffs would not be filing this lawsuit." (Br. In Opp. at 2). This statement drastically undercuts plaintiffs' claim that they were somehow damaged by defendant's actions. In the event contractually prohibited "material" changes were in fact made to the construction of plaintiffs' house, receipt of a list of changes would not appear to be a sufficient remedy. In addition, plaintiffs indicate,

> ...Throughout the course of discovery, plaintiffs will be able to identify each and every material change made, once defendant is finally compelled to turn over the applicable plans and specifications. It would be extremely prejudicial...for defendant to prevail on its motion to dismiss on the alleged basis that plaintiffs have not cited any one single specific change, when defendant has refused to furnish the plans and specifications, which would allow plaintiffs' expert to engage in a more technical comparison and

5

evaluation of said plans and specifications.

*Id*. at 4.

These statements directly contradict plaintiffs' allegation that "material" changes were made and seriously call into question whether plaintiffs have any basis for believing that "material" changes were in fact made.  Plaintiffs essentially admit that it is only through discovery that they will be able to identify any such change.  In all, the Court finds that plaintiffs fail to state a claim for which relief may be granted because they fail to articulate sufficient facts supporting the allegation that defendants made contractually prohibited material changes to their homes.  The contract between the parties expressly permits defendant to make a myriad of changes to the plans,[2] and plaintiffs fail to allege that these unidentified changes violate the parties' agreement.  Similarly, by failing to allege any facts suggesting that these changes violate the parties' agreement, plaintiffs fail to allege that this "practice" is a deceptive act for purposes of the Ohio Consumer Sales Practices Act.

Plaintiffs' claims also must be dismissed because they fail to sufficiently allege damages.  With regard to count one, the only allegation as to damages consists of the following, "plaintiffs and the class they represent have suffered damages by not having access to, and the ability to review, an 'as built' set of plans and specifications for their houses." (Compl. ¶ 36).  Similarly, with regard to count two, plaintiffs allege that they "have suffered damages by not having the

---

[2] Plaintiffs attempt to claim that the contract permitted defendant to make changes to the plans, but not make changes in constructing the houses.  That argument flies in the face of reason.  Moreover, plaintiffs point to no obligation in the contract requiring defendant to provide plaintiffs with a revised set of plans each time a change is made.

6

ability to obtain a complete set of plans and specifications for their house [sic]."  (Compl. ¶ 42).  Plaintiffs do not allege the existence of any other damages.  As an initial matter, plaintiffs fail to articulate any basis upon which they would be entitled to receive the plans.  Defendant argues that the contract does not required it to provide plaintiffs with "as built" plans and specifications.  In response, plaintiffs fail to cite any provision requiring defendant to undertake this obligation.  In addition, plaintiffs fail to articulate why the lack of "as built" plans constitutes harm.  In their brief in opposition, plaintiffs claim that their houses are worth less because of the "material" changes.  Plaintiffs, however, fail to allege this in their complaint.  Accordingly, for this additional reason, plaintiffs fail to state a claim for breach of contract and violation of the Ohio Consumer Sales Practices Act.

Having concluded that plaintiffs fail to state claims in counts one and two, the Court need not reach defendant's arguments regarding class certification.

2.  Home Solicitation Sales Act

In count three, plaintiffs purport to state a claim under Ohio's Home Solicitation Sales Act.  According to defendant, the complaint fails to state a claim because there is no allegation that any part of the transaction occurred in plaintiffs' home.  In response, plaintiffs argue that the statute does not require that the sale take place at the buyer's residence.  Rather, plaintiffs argue that the statute is applicable to "sales or offers made 'at a place other than the seller's place of business.'"

Ohio Revised Code Section 1345.21(A) defines "home solicitation sale" as,

> [A] sale of consumer goods or services in which the seller or a person acting for the seller engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, *and* the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller,

7

>   *or* in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business.

(Emphasis added).

The first part of the statue provides that a "personal solicitation of the sale at the residence of the buyer" must occur in order for liability to attach. *In addition*, the statute provides that, before liability will attach, the buyer must provide an agreement or offer to purchase either at the residence *or* at a place other than the seller's place of business. Plaintiffs' reading of the statute makes no sense. Plaintiffs ask the Court to interpret the phrase following "or" as modifying the phrase before "and." Thus, according to plaintiffs, the Home Solicitation Sales Act applies to any transaction in which the buyer agrees to purchase a product at any location other than the seller's place of business. Not only is this reading grammatically incorrect, it makes the title of the statute meaningless. In all, the Court concludes that there must be a personal solicitation of the sale at the *buyer's residence* in order for the statute to apply. Because plaintiffs do make such an allegation, the complaint fails to state a claim for violation of the Home Solicitation Sales Act.

   3.   Leave to amend

In its motion, defendant asks that plaintiffs' complaint be dismissed with prejudice and without leave to amend. Plaintiffs request that the Court allow them to amend their complaint because defendant cannot establish futility.

Upon review, the Court finds that plaintiffs may amend their complaint. The Court cautions, however, that plaintiffs must plead sufficient factual support for their claims to satisfy the Supreme Court's standard announced in *Twombly* in order to avoid dismissal.

**CONCLUSION**

For the foregoing reasons, the Motion of Defendant NVR, Inc. To Dismiss Class Action Complaint is GRANTED.  Plaintiffs may file an amended complaint on or before November 16, 2009 in order to avoid dismissal of this action.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/9/09